1  LATHAM & WATKINS LLP
   Steven N. Feldman (Bar No. 281405)
2  steven.feldman@lw.com
   355 South Grand Avenue
3  Los Angeles, California 90071
   (213) 485-1234
4
   LATHAM & WATKINS LLP
5  Shlomo Fellig (pro hac vice)
   shlomo.fellig@lw.com
6  200 Clarendon Street
   Boston, Massachusetts 02116
7  (617) 948-6000

8  *Attorneys for Defendant Whaleco Inc.*

9
                        **UNITED STATES DISTRICT COURT**
10                      **NORTHERN DISTRICT OF CALIFORNIA**
                           **SAN FRANCISCO DIVISION**
11

12 | ELI SILVA, on behalf of himself     ) | Case No. 3:24-cv-02890-SK
   | and all others similarly situated,  ) |
13 |                                     ) | **DEFENDANT WHALECO INC.'S**
   |                  Plaintiff,         ) | **NOTICE OF MOTION AND MOTION TO**
14 |                                     ) | **COMPEL ARBITRATION**
   |        v.                           ) |
15 |                                     ) |
   | WHALECO, INC., d/b/a TEMU,          ) | Judge: Sallie Kim
16 |                                     ) | Date: September 16, 2024
   |                  Defendant.         ) | Time: 9:30 am
17 |                                     ) | Courtroom: C
   |_____) |
18

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................... 2

    A. Defendant Whaleco Inc. ........................................................................................... 2

    B. Plaintiff Assented to Temu's Terms ......................................................................... 2

    C. The Terms Broadly Require That Disputes Be Arbitrated ...................................... 4

    D. Any Challenges to the Arbitration Agreement Are Delegated to the Arbitrator ................................................................................................................. 6

    E. Plaintiff Disregarded the Terms and Filed a Class Action in This Court ....................................................................................................................... 6

III. ARGUMENT ........................................................................................................................ 6

    A. Legal Standard ......................................................................................................... 7

    B. Plaintiff Assented to the Terms ................................................................................ 8

    C. The Court Must Stay This Case While Arbitration Proceeds ............................... 12

    D. The Court Must Delegate to the Arbitrator Any Disputes Over the Scope or Enforceability of the Arbitration Agreement ......................................... 12

    E. Plaintiff Is Not Entitled to Seek Class Relief ........................................................ 13

IV. CONCLUSION .................................................................................................................. 14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

# TABLE OF AUTHORITIES

**CASES**

*AT&T Mobility LLC v. Concepcion*,
 563 U.S. 333 (2011) .................................................................................................. 7, 13

*Berman v. Freedom Fin. Network*,
 LLC, 30 F.4th 849 (9th Cir. 2022) .................................................................................. 8

*Brennan v. Opus Bank*,
 796 F.3d 1125 (9th Cir. 2015) ................................................................................. 8, 13

*Carter v. Rent-A-Center, Inc.*,
 718 F. App'x 502 (9th Cir. 2017) ................................................................................. 13

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
 207 F.3d 1126 (9th Cir. 2000) ....................................................................................... 7

*Fli-Lo Falcon, LLC v. Amazon.com, Inc.*,
 97 F.4th 1190 (9th Cir. 2024) .................................................................................. 7, 12

*Flores-Mendez v. Zoosk, Inc.*,
 No. 20-CV-4929, 2022 WL 2967237 (N.D. Cal. July 27, 2022) .................................. 14

*Ghazizadeh v. Coursera, Inc.*,
 No. 23-CV-5646, 2024 WL 3091968 (N.D. Cal. June 20, 2024) ............................. 7, 11

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
 586 U.S. 63 (2019) ................................................................................................. 7, 12

*Herrera v. Cathay Pac. Airways Ltd.*,
 104 F.4th 702 (9th Cir. 2024) .................................................................................. 8, 12

*In re Tesla Advanced Driver Assistance Sys. Litig.*,
 No. 22-CV-05240-HSG, 2023 WL 6391477 (N.D. Cal. Sept. 30, 2023) ..................... 12

*Keebaugh v. Warner Bros. Ent. Inc.*,
 100 F.4th 1005 (9th Cir. 2024) .............................................................................. passim

*Laatz v. Zazzle, Inc.*,
 No. 22-CV-04844-BLF, 2024 WL 377970 (N.D. Cal. Jan. 9, 2024) ........................... 11

*Mohamed v. Uber Techs., Inc.*,
 848 F.3d 1201 (9th Cir. 2016) ................................................................................. 7, 13

*Moyer v. Chegg, Inc.*,
 No. 22-CV-09123-JSW, 2023 WL 4771181 (N.D. Cal. July 25, 2023) ...................... 12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

*Oberstein v. Live Nation Ent., Inc.*,
    60 F.4th 505 (9th Cir. 2023) ............................................................................................... passim

*Peter v. Doordash, Inc.*,
    445 F. Supp. 3d 580 (N.D. Cal. 2020) ....................................................................................... 12

*PYNQ Logistics Servs., Inc. v. FedEx Ground Packaging Sys., Inc.*,
    No. 23-CV-05881-SK, 2024 WL 2031622 (N.D. Cal. May 6, 2024) (Kim, J.) ...................... 12

*Roblox Corp. v. WowWee Grp. Ltd.*,
    No. 22-CV-04476-SI, 2023 WL 4108191 (N.D. Cal. June 20, 2023) ..................................... 13

*Shearson/Am. Express, Inc. v. McMahon*,
    482 U.S. 220 (1987) ..................................................................................................................... 7

*Smith v. Spizzirri*,
    144 S. Ct. 1173 (2024) ..................................................................................................... 7, 8, 12

*Smith v. Vmware, Inc.*,
    No. 15-CV-03750-TEH, 2016 WL 54120 (N.D. Cal. Jan. 5, 2016) ........................................ 13

*Swift v. Zynga Game Network, Inc.*,
    805 F. Supp. 2d 904 (N.D. Cal. 2011) ...................................................................................... 12

**STATUTES**

9 U.S.C. § 1 *et seq*. ............................................................................................................................. 7

9 U.S.C. § 2 ........................................................................................................................................ 7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

# NOTICE OF MOTION AND MOTION
# TO COMPEL ARBITRATION

PLEASE TAKE NOTICE that pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, Defendant Whaleco Inc. ("Whaleco"), hereby moves this Court for an order compelling Plaintiff Eli Silva ("Plaintiff") to arbitrate his claims and staying this action pending the conclusion of arbitral proceedings pursuant to 9 U.S.C. § 3, on the ground that the Federal Arbitration Act, 9 U.S.C. § 4, requires Plaintiff to pursue his claims in accordance with his arbitration agreement.

This motion is supported by the Memorandum of Points and Authorities, Declaration of Michael Trinh, Exhibit A thereto, and the [Proposed] Order filed concurrently herewith.

Pursuant to the Court's order, Plaintiff shall file an opposition within 30 days and Whaleco shall file any reply within 21 days. Joint Stipulation and Order Setting Briefing Schedule and Continuing Case Management Conference, ECF No. 16 (June 24, 2024).

# RELIEF SOUGHT

Whaleco seeks an order (i) compelling Plaintiff to arbitrate his claims on an individual basis, and (ii) staying the case pending resolution of Plaintiff's claims in arbitration.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

## I. INTRODUCTION

Before Plaintiff Eli Silva made a purchase on Defendant Whaleco Inc.'s ("Whaleco") website, Temu.com, Whaleco (doing business as "Temu") clearly informed him—with a conspicuous, bolded hyperlink—that by continuing to register for a Temu account, he agreed to Temu's Terms of Use (the "Terms"). Plaintiff then affirmatively assented to the Terms by clicking the following "Register" button, immediately above the hyperlink to the Terms:

[Register button image: "Register" with text "By clicking Register, you agree to our Terms of Use and Privacy Policy."]

These Terms included an Arbitration Agreement that mandates arbitration of any dispute relating to Plaintiff's use of Temu's website and mobile application and bars him from pursuing claims as a putative class action.

Plaintiff disregarded the arbitration requirement and class action waiver of the Terms he agreed to with Whaleco and filed this putative class action in this forum. Binding precedent, including two recent decisions in *Keebaugh v. Warner Bros. Entertainment Inc.*, 100 F.4th 1005 (9th Cir. 2024) and *Oberstein v. Live Nation Entertainment, Inc.*, 60 F.4th 505 (9th Cir. 2023), compel arbitration of Plaintiff's claims. These precedents focus on two factors when enforcing "sign-in wrap" agreements like the one on Temu's website: (1) conspicuous terms and (2) affirmative assent by the counterparty. As noted above and detailed below, both are unambiguously present here.

Plaintiff's claims also lack merit, and Temu will prove so in arbitration. But Plaintiff cannot disregard the parties' agreement to engage in a streamlined and cost-efficient arbitration process designed to resolve these claims expeditiously. Accordingly, this Court should (i) compel Plaintiff to arbitrate his claims on an individual basis, and (ii) stay the case pending resolution of Plaintiff's claims in arbitration.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

## II. FACTUAL BACKGROUND

### A. Defendant Whaleco Inc.

Whaleco is an e-commerce company founded in Boston, Massachusetts in 2022 that connects consumers with sellers, manufacturers, and brands around the world through its website and mobile application, Temu. Temu as a platform is committed to offering affordable, quality products to its consumers.

### B. Plaintiff Assented to Temu's Terms

Before making purchases on Temu's website or mobile application, each user (including Plaintiff) must first affirmatively accept Temu's Terms. Trinh Decl. ¶ 2.[1] Specifically, as part of Plaintiff's registration process, and before Plaintiff could buy any products, Plaintiff was shown two registration prompts (the "Registration Prompt(s)"). The first (shown in Figure 1 below) included (i) a field to register for an account by entering an email or a phone number, along with a corresponding "Continue" button to affirm assent; and (ii) alternative buttons allowing Plaintiff to "Continue" by instead registering via his existing Google, Facebook, Apple, or X (Twitter) account. *Id.* ¶ 3. Immediately below these registration options was a notice stating: "By continuing, you agree to our **Terms of Use**[.]" *Id.* The words "Terms of Use" were in bold, conspicuous text, in a font size similar to other text, on an uncluttered white-background screen. *See infra* Fig. 1. The entire first Registration Prompt was displayed clearly on one screen; consequently, Plaintiff did not need to scroll to see any part of it, including the link to the Terms. *Id.* ¶ 4. Upon clicking the hyperlink to the Terms, the Terms would appear in a new browser window. *Id.* ¶ 5.

---

[1] Unless otherwise indicated, all internal citations and quotations are omitted, and all emphasis is added. Citations to "Ex. _" refer to the exhibits attached to the Declaration of Michael Trinh ("Trinh Decl.").

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

**First Registration Prompt (Fig. 1)**

[Figure 1: Screenshot showing "Sign in to checkout" prompt with "All data will be encrypted," icons for "Free shipping Special for you" and "Free returns Within 90 days," an "Email or phone number" field, an orange "Continue" button, "Trouble signing in?" link, "Or continue with other ways" with Google, Facebook, and Apple icons, and at the bottom: "By continuing, you agree to our Terms of Use and Privacy Policy."]

Plaintiff registered an account on Temu by entering his email address and clicking the "Continue" button, thereby agreeing to the Terms. *Id.* ¶¶ 6, 11. After that, a second notice relating to his consent to Temu's "Terms of Use" was displayed on the second Registration Prompt—again in conspicuous bold text, in a font size similar to other text, on an uncluttered white-background screen, immediately below the orange "Register" button. *Id.*, *see infra* Fig. 2. As shown below, in Figure 2, the text stated, "By clicking Register, you agree to our **Terms of Use**[.]" *Id.* The "Register" button on this screen and the text immediately under it are what is depicted above in the Introduction. *See supra* at 1.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

**Second Registration Prompt (Fig. 2)**

[Screenshot of Temu "Register" screen: "Back", "Register", "🔒 All data will be encrypted", "Create your account", "Registration is easy, just fill in the password.", Email field showing "XXXXXXX@email.com", Password field "Minimum 8 characters required", "Password quality: -", "Don't use a password from another site, or something too obvious like your pet's name.", orange "Register" button, "By clicking Register, you agree to our Terms of Use and Privacy Policy."]

Plaintiff created a password for his Temu account and clicked the "Register" button immediately above the Terms link—thereby affirming his assent to the Terms a second time. *Id.* ¶¶ 7, 11.[2]

As is the case for all other users, only *after* Plaintiff assented to Temu's Terms was he able to buy products, follow brands, leave product reviews, and receive notifications—among other methods of interacting with Temu. *Id.* ¶ 10.

    **C.**    **The Terms Broadly Require That Disputes Be Arbitrated**

The Terms in effect in February 2024, when Plaintiff registered for his account and

---

[2] Though Whaleco does not rely on the following facts for purposes of confirming Plaintiff's assent to the Terms, Whaleco nevertheless notes two additional points: *First*, after Plaintiff assented to the Terms, the Terms continued to be available to Plaintiff as a hyperlink in the footer of Temu's website and within the menu of Temu's mobile application. *Id.* ¶ 8. *Second*, Plaintiff was required to assent to the Terms each time were he to input his credentials to log back in to Temu's website or mobile application. *Id.* ¶ 9.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

allegedly made the purchases at issue, made clear that disputes arising from the use of Temu's services are subject to arbitration.[3] The Terms conspicuously highlight and emphasize the Arbitration Agreement, noting right at the top of the Terms, in bold text and all-capital letters:

> **SECTION 19 CONTAINS, AMONG OTHER THINGS, AN AGREEMENT TO ARBITRATE WHICH REQUIRES, WITH LIMITED EXCEPTIONS, THAT ALL DISPUTES BETWEEN YOU AND [WHALECO] BE RESOLVED BY BINDING AND FINAL ARBITRATION.**

Ex. A § 1.5 (emphasis in original). This was followed by statements, also in all-capital letters, that the user and Whaleco agree to "WAIVE[] OUR RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT OR CLASS-WIDE ARBITRATION" and that "EACH OF US IS WAIVING OUR RIGHT TO PURSUE DISPUTES OR CLAIMS AND SEEK RELIEF IN A COURT OF LAW AND TO HAVE A JURY TRIAL." *Id.*

The notice at the top of the Terms directed Temu users to Section 19, titled "**ARBITRATION AGREEMENT**," which in turn states:

> **PLEASE READ THIS SECTION 19 ("ARBITRATION AGREEMENT") CAREFULLY. PLEASE BE AWARE THAT THIS SECTION CONTAINS PROVISIONS GOVERNING HOW DISPUTES BETWEEN YOU AND [WHALECO] WILL BE RESOLVED. AMONG OTHER THINGS, THIS SECTION 19 INCLUDES AN AGREEMENT TO ARBITRATE, WHICH REQUIRES, WITH LIMITED EXCEPTIONS, THAT ALL DISPUTES BETWEEN YOU AND [WHALECO] BE RESOLVED BY BINDING AND FINAL ARBITRATION. THIS SECTION 19 ALSO CONTAINS A CLASS ACTION AND JURY TRIAL WAIVER.**

*Id.* § 19 (emphasis in original). Section 19 further states that "any dispute, claim, or disagreement arising out of or relating in any way to your access to or use of the Services . . . any products sold or distributed through the Services, or the Terms . . . will be resolved by binding arbitration[.]" *Id.* § 19.1. Users may, however, file claims in small claims court (*id.* § 19.1), though Plaintiff did not do so.[4]

---

[3] Temu's current Terms do not differ in relevant part from the Terms in effect in February 2024.

[4] Before arbitration, the complainant must initiate an "Informal Dispute Resolution," including a personal "meet and confer . . . in a good faith effort to resolve informally any Dispute covered by this Arbitration Agreement[.]" Ex. A § 19.2. While Plaintiff alleges he "provided proper notice" to Temu in advance of filing this lawsuit (Compl. ¶ 85), Temu never received any such notice. Trinh Decl. ¶ 13.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

The Terms further provide, again in bold and all capital letters, that claims may be brought "**ONLY ON AN INDIVIDUAL BASIS AND NOT ON A CLASS, REPRESENTATIVE, OR COLLECTIVE BASIS**[.]" *Id.* § 19.4 (emphasis in original). Users are permitted to opt out of the Arbitration Agreement by sending written notice within 30 days of their agreement to the Terms. *Id.* § 19.10. Plaintiff did not opt out of the Arbitration Agreement. Trinh Decl. ¶ 13.

### D. Any Challenges to the Arbitration Agreement Are Delegated to the Arbitrator

The Terms include a delegation clause that clearly and unmistakably delegates exclusively to the arbitrator any disputes over the scope or enforceability of the arbitration requirement. Specifically, Section 19.7 of the Terms states:

> The arbitrator shall have exclusive authority to resolve any Dispute, including, without limitation, disputes arising out of or related to the interpretation or application of the Arbitration Agreement, including the enforceability, revocability, scope, or validity of the Arbitration Agreement or any portion of the Arbitration Agreement . . . .

Ex. A § 19.7. Accordingly, even if Plaintiff has a valid basis to challenge the Arbitration Agreement (which he does not), any such challenge must be resolved by the arbitrator. None of the limited exceptions to this delegation provision apply here.

### E. Plaintiff Disregarded the Terms and Filed a Class Action in This Court

Rather than file a demand in arbitration, Plaintiff filed this putative class action Complaint against Whaleco on May 13, 2024, asserting various false advertising claims on behalf of a putative nationwide class of Temu users. ECF No. 1 (the "Complaint" or "Compl.") ¶¶ 8, 10, 74–102. Specifically, Plaintiff alleges that he purchased two "electric massager guns" on the Temu website for $6.29 each. He does not allege that the massager guns failed to perform as he expected them to or that they are worth less than the $6.29 he paid for each of them. He is suing, instead, because he alleges that Temu did not previously sell the massager guns for a higher price and that he would not have purchased the massager guns had he known this. *Id.* ¶¶ 46–56.

## III. ARGUMENT

Controlling precedents dictate the outcome of each aspect of this motion. The Ninth Circuit's recent decisions in *Keebaugh* and *Oberstein* compel a finding that Plaintiff formed a

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

contract with Temu mandating arbitration of his claims. Any disputes over the scope or enforceability of the arbitration requirement must be decided by the arbitrator because the Terms contain a clear delegation provision, which the Supreme Court and the Ninth Circuit have held is enforceable. When compelling Plaintiff to arbitration, the Court must stay this case while the arbitration proceeds, consistent with the Supreme Court's recent decision in *Smith v. Spizzirri*, 144 S. Ct. 1173, 1178 (2024).

### A. Legal Standard

The Terms provide that the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*, will govern the interpretation and enforcement of the Arbitration Agreement. Ex. A § 19.5. "[T]he FAA was designed to promote arbitration," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345 (2011), and requires that courts "rigorously enforce agreements to arbitrate," *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987). When a party seeks to compel arbitration, courts consider nothing more than "whether: (1) a valid agreement to arbitrate exists between the parties and (2) the scope of the agreement encompasses the claims." *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1194 (9th Cir. 2024); *Ghazizadeh v. Coursera, Inc.*, No. 23-CV-5646, 2024 WL 3091968, at *2 (N.D. Cal. June 20, 2024) (similar). "If an agreement exists, the FAA leaves no place for the exercise of discretion by a district court, but instead mandates that it shall direct the parties to proceed to arbitration." *Fli-Lo Falcon*, 97 F.4th at 1193–94; s*ee also* 9 U.S.C. § 2 (arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract").

Because of this strong policy supporting arbitration agreements, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000). "When the parties' contract delegates the arbitrability question to an arbitrator," as the parties' agreement here does, "a court may not override the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019); *see also, e.g.*, *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1208–09 (9th Cir. 2016) (holding that clear and unmistakable delegation clauses must

7

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

be enforced); *Brennan v. Opus Bank*, 796 F.3d 1125, 1132 (9th Cir. 2015) (same).

"When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith*, 144 S. Ct. at 1178; *Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702, 711 (9th Cir. 2024) (same).

### B. Plaintiff Assented to the Terms

Just a few months ago, in *Keebaugh*, the Ninth Circuit examined a sign-up screen similar to Temu's and found the notice of terms to be sufficiently conspicuous to have formed a contract between the defendant and its users. *Keebaugh*, 100 F.4th at 1019–21. As the Ninth Circuit recently reiterated, an online agreement is enforceable so long as "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Id.* at 1014 (quoting *Berman v. Freedom Fin. Network*, LLC, 30 F.4th 849, 856 (9th Cir. 2022)). To satisfy the first prong, the terms must be presented "in a font size and format such that the court can fairly assume that a reasonably prudent Internet user would have seen it." *Oberstein*, 60 F.4th at 515. For the second prong, "[a] user's click of a button can be construed as an unambiguous manifestation of assent only if the user is explicitly advised that the act of clicking will constitute assent to the terms and conditions of an agreement." *Id.*

Temu's Registration Prompts satisfy both prongs. **First**, Temu's Registration Prompts presented the Terms to Plaintiff through a conspicuous hyperlink, and in an uncluttered format, which was immediately visible on a single screen. There can be no dispute that a reasonably prudent Internet user would have seen it. **Second**, Temu conspicuously advised Plaintiff—twice—that by continuing with registering for a Temu account, he was agreeing to the Terms. This form of agreement—where users agree to terms by creating or signing into accounts (called a "sign-in wrap" agreement)—is routinely enforced in the Ninth Circuit. Comparing Temu's Registration Prompts to the prompt addressed in *Oberstein* and *Keebaugh* is instructive and dictates the outcome here.

In *Keebaugh*, the court held that a sign-in wrap registration process, much like Temu's

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

process, was "sufficiently conspicuous" and created a valid arbitration agreement between the parties. *Keebaugh*, 100 F.4th at 1013. The *Keebaugh* court highlighted several factors: (a) the hyperlink to the terms of service was "conspicuously displayed" in a "contrasting font color," (b) a notice stated that by tapping the button, the users agreed to the terms of service, (c) the screen was uncluttered and used "customary design elements denoting the existence of a hyperlink," and (d) users expected that they would have an "ongoing relationship" with the company by registering for an account. *See id.* at 1020–21. Relying on these factors, the *Keebaugh* court concluded that the terms put a "reasonable user on notice that they are agreeing to be bound by the Terms of Service." *Id.*

Temu's Registration Prompts, as engaged with by Plaintiff, included (a) the Terms hyperlink displayed conspicuously in contrasting text, (b) notices stating, "By continuing, you agree to our Terms of Use" (Figure 1) and "By clicking Register, you agree to our Terms of Use" (Figure 2), (c) an uncluttered registration screen with a clearly demarked hyperlink, and (d) a registration process that suggested to Plaintiff he would have a continuing relationship with Temu.

Comparing the registration prompt in *Keebaugh* with Temu's Registration Prompts demonstrates that Temu's Terms were even more conspicuous than the terms enforced by the *Keebaugh* court, as the Temu Registration Prompts were displayed on a less cluttered registration screen, and the hyperlink to the Terms was displayed in a contrasting color:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

| ***Keebaugh* Registration Prompt**[5] | **Temu Registration Prompt**[6] |
|---|---|
|  | |

Likewise, in *Oberstein*, the Ninth Circuit held that another registration screen substantially like Temu's provided reasonable notice of the terms of use. *Oberstein*, 60 F.4th at 515–17. In that case, the Ninth Circuit considered that (a) the defendants' terms of use were "conspicuously displayed directly above or below the action button," (b) the defendants' webpage informed the user that by clicking the confirmation button, "you agree to our Terms of Use," (c) the terms of use were hyperlinked and distinguishable from the surrounding text, (d) users were required to register before transacting, "reflect[ing] the contemplation of some sort of continuing relationship that would have put users on notice for a link to the terms of that continuing relationship," and (e) users had to manifest consent by clicking a button. *Id.*

Temu's website, as used by Plaintiff, included the very same features: (a) the Terms were conspicuously displayed below the "Continue" action button on the same screen, (b) Temu's website and mobile application stated that "By continuing, you agree to our **Terms of Use**"

---

[5] *Keebaugh*, 100 F.4th at 1009–10.
[6] Temu's Second Registration Prompt (Fig. 2).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

(Figure 1) and "By clicking Register, you agree to our **Terms of Use**" (Figure 2), (c) the Terms were hyperlinked and stood out from the surrounding text, (d) Plaintiff was required to register an account before making the purchase at issue, and (e) Plaintiff manifested consent to the Terms by clicking the "Continue" and "Register" buttons.

A review of the registration prompt included as an image in the *Oberstein* briefing (and enforced by the court), with the Registration Prompts on Temu's website, clearly demonstrates that Temu's Terms are enforceable:

| *Oberstein* Registration Prompt[7] | **Temu Registration Prompt**[8] |
|---|---|
| *[Sign Up form image]* | *[Register form image]* |

Further, both before and after the Ninth Circuit's controlling decisions in *Oberstein* and *Keebaugh*, courts in this district routinely upheld arbitration agreements in similar circumstances.[9]

---

[7] *See* Answering Brief for Defendants-Appellees at 6, *Oberstein v. Live Nation Ent., Inc.*, No. 21-56200 (9th Cir. Apr. 7, 2022), ECF No. 30.

[8] Temu's Second Registration Prompt (Fig. 2).

[9] *See, e.g.*, *Coursera,* 2024 WL 3091968, at *6–11 (holding that Coursera's "2015 Sign-Up Screen satisfies the visual requirements to provide conspicuous notice that a reasonably prudent internet user 'would have seen' the hyperlink and would have been able to locate the hyperlinked [terms of service]" and that "Plaintiff unambiguously assented to Coursera's terms of service as displayed in the 2015 Sign-Up Screen"); *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2024 WL 377970, at

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

1  This Court should do the same.

## C. The Court Must Stay This Case While Arbitration Proceeds

"When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith*, 144 S. Ct. at 1178; *Herrera*, 104 F.4th at 711 (same). *Smith* resolved what had been a split in authority as to whether cases must be stayed during the pendency of a compelled arbitration or may instead be dismissed. The Supreme Court has therefore interpreted the FAA as requiring cases compelled to arbitration to be stayed rather than dismissed.

## D. The Court Must Delegate to the Arbitrator Any Disputes Over the Scope or Enforceability of the Arbitration Agreement

Having entered into a valid Arbitration Agreement with Temu, Plaintiff is bound to arbitrate his claims. Because Temu's Terms clearly and unmistakably delegate questions about arbitrability to the arbitrator (Ex. A § 19.7), the Court need not conduct any further inquiry into the scope of the Arbitration Agreement. *See Fli-Lo Falcon*, 97 F.4th at 1194 ("When the parties have 'clearly and unmistakably' delegated questions regarding arbitrability to the arbitrator, the court need not conduct further inquiries beyond the existence of the arbitration agreement."); *Henry Schein*, 586 U.S. at 69 ("Just as a court may not decide a merits question that the parties have delegated to an arbitrator, a court may not decide an arbitrability question that the parties have delegated to an arbitrator."); *PYNQ Logistics Servs., Inc. v. FedEx Ground Packaging Sys.,*

---

*7 (N.D. Cal. Jan. 9, 2024*) (upholding terms of conditions and stating "[c]ourts have routinely found that [hyperlinks to the terms of service] constitute reasonably conspicuous notice of terms, and that clicking a button such as the 'Create Account' button is sufficient to manifest assent to those terms"); *Peter v. Doordash, Inc.*, 445 F. Supp. 3d 580, 582–87 (N.D. Cal. 2020) (finding valid agreement where terms of service were displayed in "plainly readable" text stating "[b]y tapping Sign Up, Continue with Facebook, or Continue with Google, you agree to our Terms and Conditions and Privacy Statement" directly below a "Sign Up" button); *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 912 (N.D. Cal. 2011) (finding plaintiff assented to terms when she was provided with hyperlinked terms of service directly under an "I accept" button and did click "Accept"); *In re Tesla Advanced Driver Assistance Sys. Litig.*, No. 22-CV-05240-HSG, 2023 WL 6391477, at *4–5 (N.D. Cal. Sept. 30, 2023) (upholding agreement where screen stated that plaintiff could "Place Order" and, directly above that, in "conspicuous" font, displayed a statement that read: "[b]y placing this order, I agree to the . . . Order Agreement"); *Moyer v. Chegg, Inc.*, No. 22-CV-09123-JSW, 2023 WL 4771181, at *1, *5 (N.D. Cal. July 25, 2023) (finding valid agreement where "conspicuous notice" under "Create account" button stated "[b]y clicking 'Create account' you agree to the Terms of use and Privacy Policy").

*Inc.*, No. 23-CV-05881-SK, 2024 WL 2031622, *4 (N.D. Cal. May 6, 2024) (Kim, J.) (enforcing clause delegating disputes concerning the validity and scope of the arbitration agreement to the arbitrator). All challenges must be addressed by the arbitrator, and the Court should grant the motion to compel arbitration to allow the arbitrator to resolve those challenges in the first instance. *See Mohamed*, 848 F.3d at 1208-09; *Brennan*, 796 F.3d at 1132.

Regardless, Plaintiff's claims fall squarely within the scope of the Arbitration Agreement, which requires that "any dispute . . . arising out of or relating in any way to" Plaintiff's "access to or use of" Temu's "applications, products, services, and websites," "any products sold or distributed through" Temu, or "the Terms[,]" to "be resolved by binding arbitration." Ex. A § 19.1. This provision is "broad and inclusive" since it refers to "**any** dispute" that "aris[es] out of" or even "relat[es] in any way to" Plaintiff's use of Temu. *See Smith v. Vmware, Inc.*, No. 15-CV-03750-TEH, 2016 WL 54120, at *6 (N.D. Cal. Jan. 5, 2016); *see also Roblox Corp. v. WowWee Grp. Ltd.*, No. 22-CV-04476-SI, 2023 WL 4108191, at *3 (N.D. Cal. June 20, 2023) (compelling arbitration where arbitration clause covered claims "arising out of or relating to" the "Services," since "to require arbitration, a party's factual allegations need only touch matters covered by the contract containing the arbitration clause").

Plaintiff's claims stem from a purchase he made on Temu's website, allegedly based on information contained on Temu's website. *See, e.g.*, Compl. ¶¶ 8–10. The claims thus "aris[e] out of" and "relat[e] . . . to" Plaintiff's use of Temu. *See* Compl. ¶ 8; Ex. A § 19.1. Plaintiff's claims must therefore be compelled to arbitration.

### E.   Plaintiff Is Not Entitled to Seek Class Relief

Plaintiff's claims on behalf of a putative nationwide class are not only facially defective, but they also are precluded by Plaintiff's agreement to a class action waiver. Class action waivers like the one in Temu's Terms are enforceable under both the FAA and California law. *See, e.g.*, *Concepcion*, 563 U.S. at 352 (holding such waivers enforceable under the FAA); *Carter v. Rent-A-Center, Inc.*, 718 F. App'x 502, 504 (9th Cir. 2017) ("We have interpreted *Concepcion* as foreclosing any argument that a class action waiver, by itself, is unconscionable under state law or that an arbitration agreement is unconscionable solely because it contains a class action waiver.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

Indeed, pursuant to the Terms, Temu would be entitled to an order striking Plaintiff's class claims even if the class action waiver were not part of an agreement to arbitrate. *See Flores-Mendez v. Zoosk, Inc.*, No. 20-CV-4929, 2022 WL 2967237 (N.D. Cal. July 27, 2022) (enforcing stand-alone class action waiver and denying class certification on that basis).

Accordingly, the Court's order compelling arbitration of Plaintiff's claims should specify that arbitration must proceed on an individual basis as dictated by the Terms.

## IV. CONCLUSION

For all these reasons, this Court should (i) compel Plaintiff to arbitrate his claims on an individual basis, and (ii) stay the case pending resolution of Plaintiff's claims in arbitration.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK

DATED: July 15, 2024

Respectfully submitted,

By: /s/ Steven N. Feldman

LATHAM & WATKINS LLP
Steven N. Feldman (Bar No. 281405)
steve.feldman@lw.com
355 South Grand Avenue
Los Angeles, California 90071
Telephone: +1.213.485.1234

Shlomo Fellig (pro hac vice)
shlomo.fellig@lw.com
200 Clarendon Street
Boston, MA 02116
Telephone: +1.617.948.6000

Attorneys for Defendant Whaleco Inc.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
Case No. 3:24-cv-02890-SK