1  **KALIELGOLD PLLC**
   Jeffrey D. Kaliel (SBN 238293)
2  1100 15th Street NW, 4th Floor
   Washington, D.C. 20005
3  Telephone: (202) 280-4783
4  jkaliel@kalielpllc.com

5  **KALIELGOLD PLLC**
   Sophia G. Gold (SBN 307971)
6  490 43rd Street, No. 122
   Oakland, California 94609
7  Telephone: (202) 350-4783
8  sgold@kalielgold.com

9  **EDELSBERG LAW, P.A.**
   Scott Edelsberg (SBN 330990)
10 1925 Century Park East, Suite 1700
   Los Angeles, California 90067
11 Telephone: (305) 975-3320
12 scott@edelsberglaw.com
   *Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELI SILVA, on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>   v.<br><br>WHALECO, INC., d/b/a TEMU,<br><br>             Defendant. | Case No. 3:24-cv-02890-SK<br><br>**PLAINTIFF'S OBJECTIONS TO EVIDENCE DEFENDANT SUBMITTED WITH MOTION TO COMPEL ARBITRATION**<br><br>**Judge: Hon. Sallie Kim**<br>**Date: September 16, 2024**<br>**Time: 9:30 a.m.**<br>**Courtroom: C** |

1

1  Plaintiff Eli Silva ("Plaintiff"), by and through his counsel, hereby submits his Objections to
2  the Evidence submitted by Defendant in connection with its Motion to Compel Arbitration.
3  Specifically, Plaintiff objects to the Declaration of Michael Trinh, including the figures contained
4  therein and exhibits attached thereto, as follows:

**General Objections:** The general assertions by Mr. Trinh lack foundation as Mr. Trinh does not (1) provide his dates of employment with the Temu to establish whether he was even employed by Temu when the Plaintiff purchased his items, (2) state that he is familiar with the iteration of the website or its procedures at the time Plaintiff purchased his items, or (3) state that he is familiar with the process a user must complete to register and sign up for an account on the website at the time Plaintiff purchased his items. Moreover, Mr. Trinh also does not provide any specific information concerning the means used and/or data or documents reviewed by him (or others) to form the basis of his knowledge about all of the information he is swearing to—rather, he makes a vague, general statement in support that he reviewed "company records."

**Statement**: I am a Customer Service Manager at Whaleco Inc. (doing business as "Temu"). I make this Declaration in support of Defendant Whaleco's Motion to Compel Arbitration.

**Objections**: Fed. R. Evid. 401, 402, 602, 1002. These assertions related to Mr. Trinh's present position with Defendant lack foundation and are irrelevant. Mr. Trinh does not (1) provide his dates of employment with the Temu to establish whether he was even employed by Temu when the Plaintiff purchased his items, (2) state that he is familiar with the iteration of the website or its procedures at the time Plaintiff purchased his items, or (3) state that he is familiar with the process a user must complete to register and sign up for an account on the website at the time Plaintiff purchased his items.

**Statement**: As shown below, in Figure 1, the entire first Registration Prompt was displayed clearly on one screen; consequently, a user did not need to scroll to see any part of it, including the link to the Terms. A user who clicked the hyperlink to the Terms would see the Terms in a new browser window.

**Objections**: Fed. R. Evid. 401, 402, 602, 801, 901, 1002. These assertions lack foundation and personal knowledge, are hearsay, violate the best evidence rule, lack authentication as to the screen, are vague as to time, and are also irrelevant. Again, Mr. Trinh does not (1) provide his dates of employment with the Temu to establish whether he was even employed by Temu when the Plaintiff purchased his items, (2) state that he is familiar with the iteration of the website or its procedures at the time Plaintiff purchased his items, or (3) state that he is familiar with the process a user must complete to register and sign up for an account on the website at the time Plaintiff purchased his items. Mr. Trinh also fails to provide any details about how his position allows him to have knowledge about the "Registration Prompt" or how he came across such information.

**Statement**: After a user entered their email address and clicked the "Continue" button, a second notice relating to their consent to Temu's "Terms of Use" was displayed on the second Registration Prompt. As shown below, in Figure 2, the text stated, "By clicking Register, you agree to our Terms of Use[.]" A user then created a password for their Temu account and clicked the "Register" button immediately below the Terms link.

**Objections**: Fed. R. Evid. 401, 402, 602, 801, 901, 1002. These assertions lack foundation and personal knowledge, are hearsay, violate the best evidence rule, lack authentication as to the screen and Terms of Use, are vague as to time, and are also irrelevant.

**Statement**: A registered Temu user (regardless of the method of registration) was required to assent to the Terms each time were they to input their credential to log back in to Temu's website or mobile application.

**Objections**: Fed. R. Evid. 401, 402, 602, 1002. These assertions lack foundation and personal knowledge, are vague as to time, and are also irrelevant. Again, Mr. Trinh does not (1) provide his dates of employment with the Temu to establish whether he was even employed by Temu when the Plaintiff purchased his items, (2) state that he is familiar with the iteration of the website or its procedures at the time Plaintiff purchased his items, or (3) state that he is familiar with the process a user must complete to register and sign up for an account on the website at the time Plaintiff purchased his items. Mr. Trinh also fails to provide any details about how he ascertained information about what a registered user is required to "assent to."

**Statement**: Attached as Exhibit A is a true and correct copy of the Terms in effect when Plaintiff registered for his Temu account on February 21, 2024, and made the purchase at issue on February 21, 2024.

**Objections**: Fed. R. Evid. 401, 402, 602, 801, 901, 1002. These assertions lack foundation and personal knowledge, are hearsay, lack authentication, and are also therefore irrelevant. Again, Mr. Trinh does not (1) provide his dates of employment with the Temu to establish whether he was even employed by Temu when the Plaintiff purchased his items, (2) state that he is familiar with the iteration of the website or its procedures at the time Plaintiff purchased his items, or (3) state that he is familiar with the process a user must complete to register and sign up for an account on the website at the time Plaintiff purchased his items. Mr. Trinh also does not provide any information concerning the specific data or documents reviewed by him to form the basis of his knowledge about this particular iteration of the Terms, nor does he provide any information concerning where in the company records (if at all) this (or any other) iteration of the Terms is maintained and what steps (if any) he took to confirm its accuracy and authenticity.

**Statement**: Exhibit A.

**Objections**: Fed. R. Evid. 401, 402, 901, 1002. The document attached as Exhibit A lacks foundation and authentication, and is also irrelevant. Again, Mr. Trinh does not (1) provide his dates of employment with the Temu to establish whether he was even employed by Temu when the Plaintiff purchased his items, (2) state that he is familiar with the iteration of the website or its procedures at the time Plaintiff purchased his items, or (3) state that he is familiar with the process a user must complete to register and sign up for an account on the website at the time Plaintiff purchased his items. Mr. Trinh also does not provide any information concerning the specific data or documents reviewed by him to form the basis of his knowledge about this particular iteration of the Terms, nor does he provide any information concerning where in the company's records (if at all) this (or any other) iteration of the Terms are maintained and what steps (if any) he took to confirm its accuracy and authenticity.

**Statement**: Temu's records show that on February 21, 2024, Plaintiff entered his email address, clicked the "Continue" button, and then created a password for his Temu account and clicked the "Register" button immediately above the Terms link

**Objections**: Fed. R. Evid. 401, 402, 602, 801, 901, 1002. These assertions lack foundation and personal knowledge, are hearsay, violate the best evidence rule, and are also therefore irrelevant. Again, Mr. Trinh does not (1) provide his dates of employment with the Temu to establish whether he was even employed by Temu when the Plaintiff purchased his items, (2) state that he is familiar with the iteration of the website or its procedures at the time Plaintiff purchased his items, or (3) state that he is familiar with the process a user must complete to register and sign up for an account on the website at the time Plaintiff purchased his items. Mr. Trinh also fails to provide any details about how he ascertained the supposed "click" of the button, or how he determined that such a "click" was made on this specific date. He provides no information as to which of "Temu's records" he reviewed and no explanation as to why he failed to attach those same records. No steps are detailed, no audit trail is discussed. There is no discussion of timestamps or IP addresses, or mention of Plaintiff's username or account information.

Dated: August 14, 2024               Respectfully submitted,

                                            **KALIELGOLD PLLC**

By: */s/ Sophia G. Gold*
    Sophia Goren Gold (SBN 307971)
    *sgold@kalielgold.com*
    490 43rd Street, No. 122
    Oakland, CA 94609
    Tel: (202) 350-4783

    Jeffrey D. Kaliel (SBN 238293)
    *jkaliel@kalielpllc.com*
    1100 15th Street NW, 4th Floor
    Washington, D.C. 20005
    Tel: (202) 350-4783

**EDELSBERG LAW, P.A.**
Scott Edelsberg (SBN 330990)
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (305) 975-3320
scott@edelsberglaw.com

*Attorneys for Plaintiff and the Proposed Class*