1  LATHAM & WATKINS LLP
   Steven N. Feldman (Bar No. 281405)
2  steve.feldman@lw.com
   355 South Grand Avenue
3  Los Angeles, California 90071
   (213) 485-1234
4
   LATHAM & WATKINS LLP
5  Shlomo Fellig (pro hac vice)
   shlomo.fellig@lw.com
6  200 Clarendon Street
   Boston, Massachusetts 02116
7  (617) 948-6000

8  *Attorneys for Defendant Whaleco Inc.*

9
10                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
11                         **SAN FRANCISCO DIVISION**

12  ELI SILVA, on behalf of himself           )   Case No. 3:24-cv-02890-SK
    and all others similarly situated,        )
13                                            )   **DEFENDANT WHALECO INC.'S**
                      Plaintiff,              )   **REPLY IN SUPPORT OF ITS MOTION TO**
14                                            )   **COMPEL ARBITRATION**
             v.                               )
15                                            )
    WHALECO, INC., d/b/a TEMU,                )   Judge: Sallie Kim
16                                            )   Date: September 23, 2024
                      Defendant.              )   Time: 9:30 am
17                                            )   Courtroom: C
                                              )
18

19
20
21
22
23
24
25
26
27
28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Plaintiff Was on Notice of Temu's Terms and Therefore Assented to Them ..................................................................................................... 2

        1. Temu Provided Sufficient Evidence of the Registration Prompts in Effect on February 21, 2024 ...................................................... 3

        2. Temu's Notice of the Terms Was Reasonably Conspicuous ..................... 4

    B. All Issues Regarding the Alleged Unconscionability of the Arbitration Agreement Have Been Delegated to the Arbitrator ........................... 9

    C. The Arbitration Agreement Is Not Unconscionable ........................................... 10

        1. Plaintiff Cannot Prove Procedural Unconscionability ............................. 10

        2. Plaintiff Cannot Prove Substantive Unconscionability ............................ 11

            a. The Batching Provision Is Not Unconscionable .......................... 12

            b. The Informal Dispute Resolution Conference Is Not Onerous ......................................................................................... 13

    D. The Court Can Sever Terms of the Arbitration Agreement................................ 14

    E. The Class Waiver Is Enforceable........................................................................ 14

III. CONCLUSION............................................................................................................. 15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Aggarwal v. Coinbase, Inc.*,
    685 F. Supp. 3d 867 (N.D. Cal. 2023) ................................................................................... 3

*Applebaum v. Lyft, Inc.*,
    263 F. Supp. 3d 454 (S.D.N.Y. 2017) ..................................................................................... 9

*Berman v. Freedom Fin. Network, LLC*,
    30 F.4th 849 (9th Cir. 2022) ........................................................................................... 5, 6, 7

*Bielski v. Coinbase, Inc.*,
    87 F.4th 1003 (9th Cir. 2023) ............................................................................................... 14

*Blau v. AT & T Mobility*,
    No. C 11-00541 CRB, 2012 WL 10546 (N.D. Cal. Jan. 3, 2012) ........................................... 3

*Carbajal v. Rentokil N. Am., Inc.*,
    No. 17-CV-06651-YGR, 2018 WL 3304635 (N.D. Cal. July 5, 2018) ................................ 11

*Chabolla v. ClassPass Inc.*,
    No. 4:23-cv-00429-YGR, 2023 WL 4544598 (N.D. Cal. June 22, 2023) .............................. 8

*Cir. City Stores, Inc. v. Ahmed*,
    283 F.3d 1198 (9th Cir. 2002) .............................................................................................. 11

*Cullors v. Cerebral, Inc.*,
    No. 23-55594, 2024 WL 3385530 (9th Cir. July 12, 2024) ........................................... 6, 7, 8

*Davenport v. Nvidia Corp.*,
    No. 23-cv-01877-PCP, 2024 WL 832387 (N.D. Cal. Feb. 28, 2024) ................................... 14

*Dohrmann v. Intuit*,
    823 F. App'x 482 (9th Cir. 2020) ........................................................................................... 4

*Farmer v. BarkBox, Inc.*,
    No. 5:22-cv-01574-SSS-SHKx, 2023 WL 8522984 (C.D. Cal. Oct. 6, 2023) ....................... 8

*Ghazizadeh v. Coursera, Inc.*,
    No. 23-cv-05646-EJD, 2024 WL 3455255 (N.D. Cal. June 20, 2024) .............................. 7, 8

*Heller v. Rasier, LLC*,
    No. cv 17-8545 PSG (GJSx), 2020 WL 413243 (C.D. Cal. Jan. 7, 2020) ............................. 3

*Houtchens v. Google LLC*,
    649 F. Supp. 3d 933 (N.D. Cal. 2023) ................................................................................... 3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

*Keebaugh v. Warner Bros. Ent., Inc.*,
  100 F.4th 1005 (9th Cir. 2024) .................................................................................... *passim*

*Lee v. Am. Express Travel Related Servs., Inc.*,
  348 F. App'x 205 (9th Cir. 2009) ........................................................................................12

*Lee v. Ticketmaster L.L.C.*,
  817 F. App'x 393 (9th Cir. 2020) ..........................................................................................7

*Lei v. Amway Corp.*,
  No. CV 14-04022-RGK (AGRx), 2014 WL 12596787 (C.D. Cal. July 23,
  2014) ....................................................................................................................................14

*Long v. Provide Com., Inc.*,
  200 Cal. Rptr. 3d 117 (Cal. Ct. App. 2016) ......................................................................8, 9

*Lopez v. Dave Inc.*,
  No. 22-cv-04160-VC, 2022 WL 17089824 (N.D. Cal. Nov. 21, 2022) .................................4

*MacClelland v. Cellco P'ship*,
  609 F. Supp. 3d 1024 (N.D. Cal. 2022) ..............................................................................10

*MacClelland v. Cellco P'ship*,
  No. 22-16020 (9th Cir.) .......................................................................................................12

*Meyer v. T-Mobile USA Inc.*,
  836 F. Supp. 2d 994 (N.D. Cal. 2011) ................................................................................12

*Mohamed v. Uber Techs., Inc.*,
  848 F.3d 1201 (9th Cir. 2016) .......................................................................................10, 11

*Oberstein v. Live Nation Ent., Inc.*,
  60 F.4th 505 (9th Cir. 2023) ......................................................................................ive *passim*

*Pandolfi v. AviaGames, Inc.*,
  No. 3:23-cv-05971-EMC (N.D. Cal. Aug. 8, 2024), ECF No. 136 .......................................12

*Pandolfi v. AviaGames, Inc.*,
  No. 3:23-cv-05971-EMC, 2024 WL 3558853 (N.D. Cal. July 26, 2024) .............................10

*Pizarro v. QuinStreet, Inc.*,
  No. 22-cv-02803-MMC, 2022 WL 3357838 (N.D. Cal. Aug. 15, 2022) ............................5, 7

*Rent-A-Ctr., W., Inc. v. Jackson*,
  561 U.S. 63 (2010) .................................................................................................................9

*Rodgers v. Fitzgerald*,
  No. 14-cv-00985-DMR, 2016 WL 4658974 (N.D. Cal. Sept. 7, 2016) .................................4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

*Rodriguez v. Best Buy Co.*,
    No. 8:23-cv-01194-DOC-KESx, 2023 WL 8946206 (C.D. Cal. Nov. 14, 2023).....................10

*Ruckelshaus v. Monsanto Co.*,
    467 U.S. 986 (1984)..........................................................................................................12

*Salgado v. Carrows Rests., Inc.*,
    244 Cal. Rptr. 3d 849 (Cal. Ct. App. 2019)...................................................................10

*Seneca v. Homeaglow, Inc.*,
    No. 8:23-cv-02308-CJC-ADS, 2024 WL 750029 (C.D. Cal. Feb. 7, 2024).............................8

*Snow v. Eventbrite, Inc.*,
    No. 3:20-cv-03698-WHO, 2020 WL 6135990 (N.D. Cal. Oct. 19, 2020) ...............................4

*Theodore v. Uber Techs., Inc.*,
    442 F. Supp. 3d 433 (D. Mass. 2020) ........................................................................................9

*Whalen v. Facebook, Inc.*,
    No. 20-cv-06361-JST, 2022 WL 19934419 (N.D. Cal. Apr. 11, 2022) ....................................3

*Yeomans v. World Fin. Grp. Ins. Agency, Inc.*,
    485 F. Supp. 3d 1168 (N.D. Cal. 2020) ..................................................................................14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

## I. INTRODUCTION

When Plaintiff created his Temu account, he agreed to Temu's Terms[1]—including a requirement to arbitrate disputes—through a standard "sign-in wrap" process that the Ninth Circuit has repeatedly found enforceable in cases involving screen prompts similar to Temu's. Unable to dispute this, Plaintiff's brief in opposition to Temu's Motion to Compel Arbitration (the "Motion") makes a series of arguments that mischaracterize undisputed facts and the holdings of the cases he cites. None of Plaintiff's arguments has merit and therefore the Court should compel him to arbitrate his disputes on an individual basis, as he agreed to do.

*First*, although Plaintiff disingenuously suggests otherwise, the Trinh Declaration accompanying Temu's Motion makes clear that the screenshots of the Registration Prompts included in the Declaration are the same Registration Prompts displayed to Plaintiff in February 2024, when he created his account.

*Second*, Plaintiff has no valid basis to dispute that the Registration Prompts gave him notice of Temu's Terms as prominently as notices that the Ninth Circuit has found to be sufficiently conspicuous, most recently in *Keebaugh v. Warner Bros. Entertainment Inc.*, 100 F.4th 1005 (9th Cir. 2024) and *Oberstein v. Live Nation Entertainment, Inc.*, 60 F.4th 505 (9th Cir. 2023). Plaintiff's arguments to the contrary are unavailing. Not only do the Registration Prompts—which display notice of the Terms and include a bold, underlined, and contrasting hyperlink to those Terms, immediately below the action button—contain reasonably conspicuous notice of the Terms, they are also consistent with notices that the Ninth Circuit has repeatedly enforced. Furthermore, Plaintiff also tries to invent a new requirement that, in order for a notice of terms to be enforceable, it must appear immediately *above* an action button on a sign-up screen rather than immediately *below* it. But the Ninth Circuit stated expressly in *Keebaugh* that this is not so, and numerous cases have enforced terms where the notice appeared below an action button, as is done with Temu's notice.

---

[1] Unless otherwise stated, all capitalized terms have the same meaning as in Temu's Motion to Compel Arbitration, ECF No. 17.

*Third*, Plaintiff argues that even if he formed an agreement to arbitrate with Temu (as he did), the Court should refuse to enforce the agreement because the Terms are allegedly unconscionable. This argument fails on every level, starting with the agreement's express provision delegating enforceability questions to an arbitrator—a contractual term that the Supreme Court has repeatedly held lower courts must enforce. Accordingly, this Court should not reach Plaintiff's unconscionability argument because it is for an arbitrator to decide. Even if the Court were inclined to decide this issue, Plaintiff's arguments lack merit. The Arbitration Agreement is not *procedurally* unconscionable because Temu allows any users to opt out of it within 30 days of accepting the Terms. Because a contract must be both procedurally *and* substantively unconscionable before it can be set aside, the absence of procedural unconscionability is the end of any argument over enforcement. And even if the Court were to then also analyze whether the Arbitration Agreement is substantively unconscionable, Plaintiff's arguments fail on that score too. Despite Plaintiff's focus on the unconscionability of "bellwether" trial requirements for batch arbitrations, the Arbitration Agreement here contains no such provision. Rather, all claims can proceed at once, with a single arbitrator handling batches of claims concurrently. And it is hardly onerous to require Plaintiff to participate in a telephone call before arbitration to see if at the outset, his claims can be resolved amicably and efficiently.

In short, Plaintiff's attempts to evade the Arbitration Agreement are meritless. Binding precedents require this Court to (i) compel Plaintiff to arbitrate his claims on an individual basis, and (ii) stay the case pending resolution of Plaintiff's claims in arbitration.

## II. ARGUMENT

### A. Plaintiff Was on Notice of Temu's Terms and Therefore Assented to Them

As set forth in the Motion, when Plaintiff clicked the buttons in the two Registration Prompts in connection with his registering for an account to make a purchase, including the following prompt, he assented to the Terms, *see* Mot. at 2–6, 8–11:

> **Register**
> By clicking Register, you agree to our Terms of Use and Privacy Policy.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

### 1. Temu Provided Sufficient Evidence of the Registration Prompts in Effect on February 21, 2024

The Trinh Declaration contains screenshots of the registration interfaces that were in effect on February 21, 2024, when Plaintiff registered for his Temu account and made his purchases. Silva Decl. ¶¶ 2, 7; Trinh Decl. ¶¶ 4, 6. The Trinh Declaration also contains the declarant's testimony, based on personal knowledge and review of company records, affirming that these are the screenshots of what Plaintiff saw prior to clicking "Continue" and "Register" when he created his account. Trinh Decl. ¶¶ 1–4, 6. The Trinh Declaration further details the basis for that testimony and the foundation for the documents and data on which he relied. *Id.* at ¶ 1. This is exactly the sort of evidence on which courts routinely rely in enforcing arbitration agreements. *See, e.g.*, *Aggarwal v. Coinbase, Inc.*, 685 F. Supp. 3d 867, 871–74 (N.D. Cal. 2023); *Houtchens v. Google LLC*, 649 F. Supp. 3d 933, 942 (N.D. Cal. 2023); *Heller v. Rasier, LLC*, No. CV 17-8545 PSG (GJSx), 2020 WL 413243, at *10 (C.D. Cal. Jan. 7, 2020).

Plaintiff's contention that he "do[es] not recall seeing the two Registration Prompts when [he] created [his] Temu account," Silva Decl. ¶ 7, "is not sufficient to create a disputed fact" about the creation of his contract with Temu, *Whalen v. Facebook, Inc.*, No. 20-cv-06361-JST, 2022 WL 19934419, at *3 (N.D. Cal. Apr. 11, 2022) (quoting *Blau v. AT & T Mobility*, No. C 11-00541 CRB, 2012 WL 10546, at *4 (N.D. Cal. Jan. 3, 2012) ("If a party could get out of a[n online] contract by arguing that he did not recall making it, contracts would be meaningless.")); *see also, e.g.*, *Heller*, 2020 WL 413243, at *11 (finding plaintiff's assertion that "he did not recall" making the contract "does not raise a genuine issue of material fact to contradict affidavits" attesting that he did so).

Plaintiff's alternative argument—that the Trinh Declaration does not state clearly enough "that these screenshots were the same Registration Prompts in effect at the time Plaintiff registered for his account with Temu," Opp. at 4–5—is disingenuous. The Declaration states: "Before making purchases on Temu's website or mobile application in February 2024, users were required to accept Temu's Terms[.]" Trinh Decl. ¶ 2. The paragraphs that follow, including the screenshots, clearly refer to this February 2024 period. There is no ambiguity in that regard. In any event, to

eliminate any possible doubt, submitted with this reply brief is a supplemental declaration from Mr. Trinh further confirming what is already clear from his initial declaration—that each statement in his prior declaration refers to the February 2024 period.[2]

The cases cited by Plaintiff confirm that there is no genuine dispute about the Registration Prompts. In both *Lopez v. Dave Inc.* and *Snow v. Eventbrite, Inc.*, the moving party submitted conflicting and contradictory evidence of the specific registration interface the plaintiffs were shown. *See Lopez*, No. 22-cv-04160-VC, 2022 WL 17089824, at *1 (N.D. Cal. Nov. 21, 2022) (holding that "[the defendant] has submitted conflicting evidence regarding the sign-up screen that [the plaintiff] would have seen when she registered for the app in 2019" and that the supporting declaration did not refer to the specific month at issue); *Snow*, No. 3:20-cv-03698-WHO, 2020 WL 6135990, at *5–6 (N.D. Cal. Oct. 19, 2020) (holding that "[the defendant] has submitted at least one set of representations that is contradictory" and that the supporting declaration did not state "which of the two images (if either) each plaintiff would have encountered on the date of his or her use of the platform"). This is not the case here as Defendant did not submit conflicting evidence of the Registration Prompts—Plaintiff simply alleges that he does not recall seeing the Registration Prompts when he registered. *See* Silva Decl. ¶ 7.

### 2. Temu's Notice of the Terms Was Reasonably Conspicuous

Plaintiff admits that whether he chose to read the Terms or not is beside the point, so long as Temu's notice that he was agreeing to the Terms was "reasonably conspicuous such that [he] w[as] on inquiry notice." Opp. at 1; *see also Dohrmann v. Intuit*, 823 F. App'x 482, 483 (9th Cir. 2020); *Oberstein*, 60 F.4th at 515–16. Here, Temu prominently displayed notice of the Terms with a bold, underlined, and contrasting hyperlink to those Terms below the action button on each of the Registration Prompts. Courts have routinely enforced arbitration agreements based on similar (or even less prominent) disclosures. *See* Mot. at 8–11.

---

[2] "Under the Civil Local Rule 7-3(c), any reply to an opposition may include affidavits or declarations, as well as [a] supplemental brief or memorandum." *Rodgers v. Fitzgerald*, No. 14-cv-00985-DMR, 2016 WL 4658974, at *8 (N.D. Cal. Sept. 7, 2016). The Supplemental Trinh Declaration likewise resolves Plaintiff's Objections to the Trinh Declaration, which in any event runs afoul of Local Rule 7-3(a)'s requirement that "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

1    Plaintiff's assertions that Temu's notice of the Terms was "miniscule," "difficult to read," and "not sufficiently obvious or set apart from the rest of the text on the screen," Opp. at 11, are demonstrably false. As the Court can see, and Plaintiff saw, from the Registration Prompt in Figure 1 below, Temu displayed the notice of terms in an easy-to-read font size similar to the surrounding text, using a contrasting font against a white background. As Temu explained in its Motion, the Ninth Circuit recently enforced substantially similar notices as reasonably conspicuous. *See* Mot. at 8–11. Plaintiff separately takes issue with the orange color of the "Continue" and "Register" buttons, which Plaintiff argues distracts users from Temu's notice of the Terms. *See* Opp. at 11. But in *Pizarro v. QuinStreet, Inc.*, the court granted a defendant's motion to compel where the notice of terms appeared below a large, orange button similar to Temu's. *See* No. 22-cv-02803-MMC, 2022 WL 3357838 (N.D. Cal. Aug. 15, 2022).

Plaintiff relies on *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849 (9th Cir. 2022) and largely ignores the Ninth Circuit's more recent *Keebaugh* and *Oberstein* decisions that distinguished *Berman* on grounds that are dispositive here. *See* Opp. at 11–12.[3] Even a cursory comparison of Temu's Registration Prompts (*e.g.*, Figure 1) with the prompt at issue in *Berman* reveals that the two bear no resemblance to each other. In *Berman*, the text of the notice was "printed in a tiny gray font considerably smaller than the font used in the surrounding website elements" and "barely legible to the naked eye." 30 F.4th at 856–57. That is not the case here.

---

[3] Plaintiff attempts to distinguish *Keebaugh* by arguing that the defendant's link to the terms of service had white borders, which Temu's hyperlinks do not. Opp. at 14. Plaintiff's argument fails. *Keebaugh's* notice of terms—central to the court's analysis—appeared directly below the action button in contrasting font, without borders, just like Temu's. *See Keebaugh*, 100 F.4th at 1020–21. The Court emphasized that a screen "lack[ing] clutter and us[ing] customary design elements denoting the existence of a hyperlink" is sufficient. *See id.* at 1021 (internal quotation marks and citation omitted). Temu's Registration Prompts easily pass muster—they are uncluttered, with hyperlinks to the Terms bolded, underlined, and displayed in a contrasting font.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

| **Temu's Registration Prompt (Fig. 1)** | ***Berman* Registration Prompt**[4] |
|---|---|

Equally meritless is Plaintiff's argument that notice of Terms must be in all capital letters to satisfy *Berman*. *See* Opp. at 12. That is not a requirement. The Ninth Circuit and lower courts in this Circuit have routinely enforced terms of service that were *not* displayed in all capital letters. *See* Mot. at 10–11 (showing images from *Keebaugh* and *Oberstein*); *see also, e.g., Cullors v.*

---

[4] Due to the length of *Berman's* registration prompt, only the top half of the screenshot is included here. *See* 30 F.4th at 861. The full screenshot included in Appendix A to the Feldman Declaration further reveals the cluttered registration prompt and particularly tiny notice of terms in *Berman*.

*Cerebral, Inc.*, No. 23-55594, 2024 WL 3385530, at *1 (9th Cir. July 12, 2024);[5] *Ghazizadeh v. Coursera, Inc.*, No. 23-cv-05646-EJD, 2024 WL 3455255, at *9–10 (N.D. Cal. June 20, 2024) (acknowledging that "courts have enforced arbitration agreements where hyperlinks were conspicuous even without blue font or capitalization"); *Pizarro*, 2022 WL 3357838, at *1, *3 (finding the notice was sufficient to satisfy *Berman* because it was "underlined and adequately contrasted with the white background" despite the lack of capitalization or blue font).[6]

Plaintiff's argument that Temu's placement of the notice of the Terms below the action button rather than above it precludes enforcement is likewise baseless. *See* Opp. at 13. The Ninth Circuit has recently—and routinely—enforced sign-in wrap agreements like Temu's, where notice of the terms appeared *below* the action button. *See, e.g.*, *Lee v. Ticketmaster L.L.C.*, 817 F. App'x 393, 394 (9th Cir. 2020) (enforcing notice of terms displayed three lines below the action button); *Cullors*, 2024 WL 3385530, at *1 (enforcing notice of terms displayed below the action button); *Keebaugh*, 100 F.4th at 1020 (similar); *Ghazizadeh*, 2024 WL 3455255, at *5 (similar). Plaintiff characterizes *Oberstein* as supporting his argument, while ignoring the Ninth Circuit's statement in *Oberstein* that "Appellees' notice is conspicuously displayed directly **above or below** the action button at each of three independent stages that a user must complete before purchasing tickets." 60 F.4th at 516 (emphasis added).[7]

Plaintiff also complains that the Registration Prompts do not require the affirmative act of checking a box to confirm assent to the Terms. Opp. at 11. However, *Keebaugh* and *Oberstein* both enforced terms where, as here, the defendants notified users that clicking on an action button would constitute their assent to terms, but did not require users to mark a check-box acknowledging their assent. *See Keebaugh*, 100 F.4th at 1020–21; *Oberstein*, 60 F.4th at 515–16. The Ninth Circuit

---

[5] The screen at issue in *Cullors* is reprinted in Appendix A to the Feldman Declaration.

[6] Plaintiff not only selectively cites an out-of-context sentence from *Berman* in support of his argument, but also ignores the very next sentence stating that the *Berman* notice was insufficient because "it did not use all capital letters ***or contrasting font color***." *See* 30 F.4th at 857 (emphasis added). Thus, while *Berman* is inapplicable given the subsequent authority, even if applied, Plaintiff's argument fails because the Registration Prompts use a contrasting font for the hyperlinks to the Terms.

[7] Plaintiff also suggests that a registration prompt must expressly reference an arbitration agreement for a Plaintiff to be bound to it, but *Keebaugh* and *Oberstein* implicitly rejected that argument in enforcing registration prompts with no such language. *See* Mot. at 10–11.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

has routinely found this method—often referred to as a "sign-in wrap"—forms an enforceable agreement. *See Cullors*, 2024 WL 3385530, at *1 (noting "[u]nder California law, courts have found sign-in wrap agreements based on inquiry notice enforceable" when notice of terms is placed in proximity to an action button); *Keebaugh*, 100 F.4th at 1014, 1018 (enforcing terms where users pressed a "Play" button but "d[id] not require users to . . . confirm their assent prior to accessing the game"); *Oberstein*, 60 F.4th at 515–16 (enforcing terms where users clicked "Place Order" button, with no check-box); *see also, e.g.*, *Ghazizadeh*, 2024 WL 3455255, at *9–11 (enforcing sign-in wrap agreement).

Finally, Plaintiff's reliance on *Seneca v. Homeaglow, Inc.*, No. 8:23-cv-02308-CJC-ADS, 2024 WL 750029 (C.D. Cal. Feb. 7, 2024), *Farmer v. BarkBox, Inc.*, No. 5:22-cv-01574-SSS-SHKx, 2023 WL 8522984 (C.D. Cal. Oct. 6, 2023), and *Chabolla v. ClassPass Inc.*, No. 4:23-cv-00429-YGR, 2023 WL 4544598 (N.D. Cal. June 22, 2023), is misplaced. *See* Opp. at 13–14. In *Seneca* (presently on appeal to the Ninth Circuit), the defendant's notice of terms appeared on a separate, later screen than the ones in which users created accounts and entered credit card information, which the court found problematic because "[the defendant] previously presented a much more limited set of 'Terms & Conditions' on several of the preceding webpages[.]" 2024 WL 750029, at *4. That is far different from Temu's self-contained Registration Prompts and single set of terms. In *Farmer*, the hyperlink to the terms of service was presented to users on a cluttered screen crowded with graphics and text. *See* 2023 WL 8522984, at *2. Temu's visually uncluttered screen is nothing like the one in *Farmer*, as is readily apparent from a side-by-side comparison. *See* Feldman Decl. App'x A. Similarly, in *Chabolla*, the visual composition of each of the three-step sign-up interfaces "*de*-emphasize[d] references to the Terms and Privacy Policy, rendering them inconspicuous" with the bulk of each webpage showing large distracting photos and other marketing content and terms. 2023 WL 4544598, at *4; *see* Feldman Decl. App'x A (comparing *Chabolla* notice to Temu's).[8]

---

[8] The other cases cited by Plaintiff in the same footnote in which he cites *Seneca* are readily distinguishable. *See* Opp. at 14 n.5. In *Long v. Provide Commerce, Inc.*, the notice of the terms was spatially decoupled from the action button, in a color that blended in with the website's background, and included in a browsewrap agreement where users were not required to expressly

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

In sum, the Ninth Circuit has rejected each of the specific criticisms that Plaintiff asserts here, making it clear that it is ***the overall design of a registration interface that matters***. Plaintiff was shown *two* Registration Prompts, each displaying conspicuous notice of Temu's Terms and requiring Plaintiff to "agree" to those Terms when registering for a Temu account in order to make a purchase. Mot. at 3–4; Trinh Decl. ¶¶ 4, 6. Each of the two Registration Prompts was independently sufficient to establish Plaintiff's binding assent to the Terms; and when viewed together, they unequivocally confirmed his agreement. Because Temu's notice to the Terms was at least as conspicuous as, if not more than, those enforced in *Keebaugh* and *Oberstein*, those decisions compel arbitration here.

### B. All Issues Regarding the Alleged Unconscionability of the Arbitration Agreement Have Been Delegated to the Arbitrator

Once the Court concludes, as it should, that Plaintiff formed the arbitration agreement with Temu, any challenge to the enforceability of the agreement must be decided by the arbitrator. The Arbitration Agreement expressly provides that "[t]he arbitrator shall have exclusive authority to resolve any Dispute, including, without limitation, disputes arising out of or related to the interpretation or application of the Arbitration Agreement, including the enforceability, revocability, scope, or validity of the Arbitration Agreement or any portion of the Arbitration Agreement . . . ." Trinh Decl., Ex. A § 19.7. This broad delegation provision is subject only to limited exceptions, none of which Plaintiff argues applies here.[9] The Supreme Court has held that courts must respect parties' agreements to delegate these "gateway" disputes. *See, e.g.*, *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 71–76 (2010) (finding that a clause granting the arbitrator

---

agree to the terms but instead gave assent simply by using the website. 200 Cal. Rptr. 3d 117, 119–26 (Cal. Ct. App. 2016). Plaintiff also relies on two out-of-circuit cases that are equally unavailing. *See* Opp. at 14 n.5. In *Theodore v. Uber Techs., Inc.*, the district court concluded that the notice of terms was not conspicuous, including because the hyperlink was not underlined and was in the same color as other more prominent text on the screen. 442 F. Supp. 3d 433, 441 (D. Mass. 2020). *Applebaum v. Lyft, Inc.* involved clickwrap and scrollwrap agreements on a screen instructing the user to verify their phone number, different from the sign-in wrap here. *See* 263 F. Supp. 3d 454, 457–58 (S.D.N.Y. 2017). In any event, the notice of terms there was not bolded and underlined such that users would recognize the hyperlink. *See id.* at 458.

[9] Disputes related to the following are submitted to the Court, rather than the arbitrator: (1) Section 19.4 ("Waiver of Class and Other Non-Individualized Relief"), (2) payment of arbitration fees, (3) whether conditions precedent to arbitration have been satisfied, and (4) which version of the Arbitration Agreement applies. Trinh Decl., Ex. A § 19.7.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

"exclusive authority to resolve any dispute relating to the . . . enforceability . . . of this Agreement" delegated whether the agreement was unconscionable to the arbitrator (quotation omitted)). The Court should thus compel Plaintiff's claims to arbitration and permit the arbitrator to resolve Plaintiff's enforceability arguments in the first instance.

In addition, Plaintiff's challenge to the delegation clause is based on the erroneous argument that "when Temu's delegation clause is taken together with its Batching Provision, the threshold adjudication by the arbitrator of arbitrability will only serve to further delay resolution." *See* Opp. at 9. Plaintiff does not explain how that is so, nor could he. As detailed *infra* Section II.C, concurrent batching of similar claims *expedites* resolution of the claims, rather than "delays" their resolution. Neither of the cases Plaintiff cites involves concurrent batching of claims; instead, both involve bellwether processes with staggered arbitrations, which is not at issue here. *See* Opp. at 16 (citing *MacClelland v. Cellco P'ship*, 609 F. Supp. 3d 1024 (N.D. Cal. 2022) (addressing bellwether process in mass arbitration provision); *Pandolfi v. AviaGames, Inc.*, No. 3:23-cv-05971-EMC, 2024 WL 3558853 (N.D. Cal. July 26, 2024) (same)). Accordingly, Plaintiff's challenge to the delegation clause fails. The clause should be enforced, thereby precluding Plaintiff's unconscionability arguments regarding other provisions in the Arbitration Agreement.

### C. The Arbitration Agreement Is Not Unconscionable

Even if the Court reaches this issue, which it should not, the Arbitration Agreement is enforceable on the merits because Plaintiff must establish both procedural *and* substantive unconscionability, and Plaintiff cannot establish *either*, let alone both. *See, e.g.*, *Rodriguez v. Best Buy Co.*, No. 8:23-cv-01194-DOC-KESx, 2023 WL 8946206, at *4 (C.D. Cal. Nov. 14, 2023) (citing *Salgado v. Carrows Rests., Inc.*, 244 Cal. Rptr. 3d 849, 853 (Cal. Ct. App. 2019)).

#### 1. Plaintiff Cannot Prove Procedural Unconscionability

To establish procedural unconscionability, Plaintiff must show "'oppression' or 'surprise' due to unequal bargaining power." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016). Section 19.10 of the Terms forecloses his ability to do so. That provision states that "[y]ou have the right to opt out of the provisions of this Arbitration Agreement by sending written notice . . . within thirty (30) days after first becoming subject to this Arbitration Agreement." Trinh

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

Decl., Ex. A § 19.10. Although Plaintiff seeks to portray the Terms as procedurally unconscionable by claiming it is an adhesive form contract, *see* Opp. at 15–16, the opt-out provision is fatal to Plaintiff's argument. "[A]n arbitration agreement is not adhesive if there is an opportunity to opt out of it." *Mohamed*, 848 F.3d at 1211; *see also Cir. City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199–200 (9th Cir. 2002) (rejecting procedural unconscionability argument where plaintiff had a chance to opt out by mailing a simple one-page form). In short, the presence of the opt-out provision establishes that the arbitration provision is not procedurally unconscionable as a matter of law.

Plaintiff's argument that the Terms are procedurally unconscionable because of Temu's "insufficient form of" notice fails for the simple reason that, as explained in the Motion and above, Plaintiff was on notice of the Terms. *See* Mot. at 8–12; *supra* Section II.A.2. Plaintiff's argument that an "element of unfair surprise exists given Temu's insufficient form of notifying consumers of its binding terms" likewise fails. *See* Opp. at 16. Indeed, Plaintiff neither cites a single case in support of this argument nor identifies a single fact suggesting that the Arbitration Agreement did not clearly disclose its terms such that Plaintiff would be unfairly surprised. *Carbajal v. Rentokil N. Am., Inc.*, No. 17-CV-06651-YGR, 2018 WL 3304635, at *5 (N.D. Cal. July 5, 2018) ("A 'surprise' analysis asks whether the contract clearly disclosed the terms and fulfilled the reasonable expectations of the weaker party.").[10] This argument is also expressly foreclosed by the existence of the opt-out provision. *Mohamed*, 848 F.3d at 1210 (admonishing the district court for finding surprise when "the existence of a meaningful right to opt-out . . . necessarily renders [those clauses] . . . procedurally conscionable as a matter of law" (quotation omitted)).

### 2. Plaintiff Cannot Prove Substantive Unconscionability

Plaintiff's inability to establish procedural unconscionability makes it unnecessary for the Court to consider Plaintiff's substantive unconscionability arguments—**both** must be present

---

[10] There could be no surprise here because the Terms contains a clear statement (in bolded capital letters) that "**SECTION 19 CONTAINS, AMONG OTHER THINGS, AN AGREEMENT TO ARBITRATE.**" Mot. at 5. Plaintiff's argument regarding the "form" of the Registration Prompt—which contains a hyperlink to the Terms—fails for the same reason his arguments regarding contract formation fail: The terms are "clear and reasonably conspicuous." *See supra* Section II.A.2.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

before a contract may be overridden. But even if substantive unconscionability were relevant, Plaintiff's arguments regarding the batch arbitration provision and pre-arbitration conference provision are meritless.

### a. The Batching Provision Is Not Unconscionable

Plaintiff cites *Pandolfi* and *MacClelland*, which, as highlighted above, declined to enforce arbitration agreements because the defendants imposed bellwether trial requirements when arbitration demands exceeded a certain number. *See* Opp. at 16–17. As an initial point, *Pandolfi* is not a final decision and *MacClelland* is on appeal to the Ninth Circuit.[11] Even if the Ninth Circuit agrees with the lower court's reasoning, Temu's Terms contain no such bellwether provision, and therefore both cases are inapplicable and inapposite. The Terms state that "in the event that there are twenty-five (25) or more individual Arbitration Notices of a substantially similar nature filed against us by or with the assistance of the same law firm, group of law firms, or organizations, within a thirty (30) day period, AAA shall . . . administer the arbitration demands in batches of 100 Arbitration Notices per batch . . . concurrently." Trinh Decl., Ex. A § 19.9. Because similar arbitration demands against Temu will be heard simultaneously in groups of 100 or less, *id.*, none of the "delay" concerns that caused the court to reject the arbitration agreements in *MacClelland* and *Pandolfi* is present here. Setting aside these bellwether cases, Plaintiff does not cite a single case stating that batch arbitration provisions are *per se* prohibited in all agreements or unconscionable.[12] The Court should reject any such notion.

---

[11] *See* Order, *Pandolfi v. AviaGames, Inc.*, No. 3:23-cv-05971-EMC (N.D. Cal. Aug. 8, 2024), ECF No. 136; *MacClelland v. Cellco P'ship*, No. 22-16020 (9th Cir.).

[12] Plaintiff also lacks standing to challenge the batch arbitration provision. Plaintiff incorrectly claims that there are "thousands" of pending arbitration claims against Temu involving "similar claims that are alleged in this class action," and that "Plaintiff's case will inevitably be batched into these other cases, resulting in indefinite delay." *See* Opp. at 2. This assertion is based on Plaintiff's counsel's "understanding" and "belie[f]" regarding confidential arbitrations involving third parties not represented by Plaintiff's counsel. *See* Gold Decl. ¶ 3. As of this filing, Temu is not aware of any pending arbitration claims against it that are substantially similar to those in the Complaint. Plaintiff thus lacks standing to challenge the batching provision. *See Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994, 1003 (N.D. Cal. 2011) (finding plaintiff lacked standing to challenge provision inapplicable to her); *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1019–20 (1984) (finding challenge to arbitration scheme not ripe without injury); *Lee v. Am. Express Travel Related Servs., Inc.*, 348 F. App'x 205, 207 (9th Cir. 2009) (holding no standing without imminent harm from provisions).

1   To be clear, nothing in the Terms will require Plaintiff to wait behind other arbitrations or
2   create an unreasonable delay in resolving his claims, because *all* batches of arbitration demands
3   would be administered "*concurrently.*" Trinh Decl., Ex. A § 19.9. Contrary to Plaintiff's assertion,
4   no claims are "sideline[d]," and law firms that represent many plaintiffs are likewise "repeat
5   player[s]" able to stand on equal ground with Temu. *See* Opp. at 18. Finally, Plaintiff's concern
6   that the batching procedure will require him to attend an arbitration in a distant, inconvenient forum
7   ignores that the Arbitration Agreement permits proceedings in alternative locations that are
8   reasonably convenient to both parties. *See* Trinh Decl., Ex. A § 19.5 ("For all actions under the
9   AAA Rules, . . . any in-person hearings will be conducted at a location which is reasonably
10  convenient to both parties taking into account their ability to travel and other pertinent
11  circumstances. . . . Unless you and we otherwise agree, or the Batch Arbitration process discussed
12  in Section 19.9 is triggered, the arbitration will be conducted in the county where you reside.").

13              b.   <u>The Informal Dispute Resolution Conference Is Not Onerous</u>

14  Plaintiff argues that the "Informal Dispute Resolution Conference" provision is
15  unconscionable by cursorily asserting it is "onerous." *See* Opp. at 19. A requirement to join a brief
16  telephone call, however, is not onerous, particularly if the call facilitates a good-faith resolution of
17  his claims without having to engage and pay for a neutral decision-maker. The provision is
18  mutually applicable, easy to comply with, permits Plaintiff to have his attorney present, and
19  promotes efficiency. *See* Trinh Decl., Ex. A § 19.2. Moreover, the Terms expressly toll any statutes
20  of limitations while discussions take place. *Id.*

21  Plaintiff separately complains that his counsel may have to join multiple conference calls
22  if they represent more than one individual, *see* Opp. at 19, but Plaintiff does not explain why that
23  is a relevant consideration, or why it would be *less* time-consuming to litigate individual claims in
24  arbitration than to spend a few minutes on the phone trying to resolve the claims *without*
25  arbitration. Nor does Plaintiff cite a single case suggesting that an informal dispute resolution
26  provision is unconscionable, let alone any case that turned on a purported inconvenience to
27  counsel. Temu is aware of no such cases and, to the contrary, the Ninth Circuit recently described
28  "[p]re-arbitration dispute resolution procedures" as "commonplace," noting they "can be both

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK

1 'reasonable and laudable.'" *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1014 (9th Cir. 2023) (quotation omitted). Moreover, courts have routinely upheld such requirements. For example, in *Davenport v. Nvidia Corp.*, the court concluded that requiring users to contact the defendant to resolve complaints informally was "hardly the kind of onerous hoop jumping that would render the pre-arbitration procedures a substantively unconscionable roadblock to relief." No. 23-cv-01877-PCP, 2024 WL 832387, at *6 (N.D. Cal. Feb. 28, 2024). Likewise, in *Lei v. Amway Corp.*, the court upheld the pre-arbitration conciliation provision, noting that the provision was bilateral—a feature also present in the Arbitration Agreement. *See* No. CV 14-04022-RGK (AGRx), 2014 WL 12596787, at *9 (C.D. Cal. July 23, 2014); Trinh Decl., Ex. A § 19.2.

### D. The Court Can Sever Terms of the Arbitration Agreement

Plaintiff argues that the Court should find the entirety of the Arbitration Agreement unconscionable, rather than severing any purportedly unconscionable provision (of which there is none), because the Arbitration Agreement is supposedly "permeated by unconscionability." Opp. at 20. As an initial matter, Plaintiff has failed to show that *any* terms of the Arbitration Agreement are unconscionable, let alone that the Arbitration Agreement is "permeated" by unconscionability. In any event, while the Court cannot sever the batch arbitration provision, per the terms of the Arbitration Agreement,[13] the Court can sever other terms of the Arbitration Agreement. For example, while Plaintiff's convenience challenge referenced above is meritless, the Court *could* sever those terms when compelling arbitration. This case bears no resemblance to *Yeomans v. World Financial Group Insurance Agency, Inc.*, which involved "a remarkably high degree of procedural unconscionability" and "at least three substantive unconscionable provisions." *See* 485 F. Supp. 3d 1168, 1189 (N.D. Cal. 2020). None of those is present here.

### E. The Class Waiver Is Enforceable

Finally, Plaintiff concedes that he cannot seek class relief in arbitration but argues that the class waiver is "unconscionable" if it is "divorced from an arbitration provision" and "contained in an adhesive consumer contract." Opp. at 21. As explained above, however, Plaintiff had the

---

[13] "For the avoidance of doubt, this means that, if Section 19.9 [('Batch Arbitration')] is found under the law to be invalid or unenforceable to any extent, then you agree that the entire Arbitration Agreement shall be of no force and effect." Trinh Decl., Ex. A § 19.11.

opportunity to opt-out of the Arbitration Agreement, including the class waiver provision. He did not. *See* Mot. at 6; Trinh Decl., Ex. A § 19.10.

Plaintiff's argument is irrelevant in any event: Temu has not yet moved to enforce the class waiver outside of arbitration. Presently, Temu has moved the Court only to order that Plaintiff must arbitrate his claims on an individual basis. If the Court declines to compel arbitration, and if such a decision is upheld on appeal, Temu reserves for another day the separate question of whether the class waiver is independently enforceable.

### III. CONCLUSION

For all these reasons, this Court should (i) compel Plaintiff to arbitrate his claim on an individual basis, and (ii) stay the case pending resolution of Plaintiff's claims in arbitration.

DATED: September 4, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ Steven N. Feldman
Steven N. Feldman (Bar No. 281405)
steve.feldman@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Tel.: (213) 485-1234

Shlomo Fellig (pro hac vice)
shlomo.fellig@lw.com
200 Clarendon Street
Boston, MA 02116
Tel.: (617) 948-6000

Attorneys for Defendant Whaleco Inc.

LATHAM&WATKINS LLP
Attorneys At Law
Los Angeles

15

DEFENDANT WHALECO INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:24-cv-02890-SK